No. 39,107

Leon Jackson, *Appellant,* v. Vena Irene Jackson, *Appellee.*

(264 P. 2d 1087)

Opinion filed December 12, 1953.

*Charles Vance,* of Liberal, argued the cause and *H. Hobble, Jr.* and *Chester A. Nordling,* both of Liberal, were with him on the briefs for the appellant.

*A. E. Kramer,* of Hugoton, argued the cause and *Leland E. Nordling,* of Johnson, and *Bernard E. Nordling,* of Hugoton, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for divorce and child custody. The defendant filed an answer and cross petition in which she asked for a divorce, custody of minor children, a property division, support money for the children and alimony. Judgment was entered granting her a divorce, awarding her custody of the children, setting aside certain property to her and ordering the plaintiff to pay alimony to her and support money for the children. Plaintiff appealed from the child custody portion of the judgment.

Plaintiff's petition alleged the marriage, the birth of three children; that defendant had been guilty of extreme cruelty and that it was to the best interests of the minor children that plaintiff be awarded their care and custody. He prayed for a divorce and custody.

The defendant first denied that she had been guilty of extreme cruelty and that it was to the best interests of the minor children that the custody be awarded to the plaintiff. For a cross petition she alleged that she was entitled to a divorce because plaintiff had been guilty of extreme cruelty and gross neglect of duty. She alleged they were possessed of considerable property, most of which had been accumulated during their married life, and that a division of the property should be had and she should have an allowance covering her statutory interest in the property. She alleged that under an agreement she was living separately from her husband and had in her care the minor children; that she was a proper person to have their care and custody and it should be awarded to her. Her prayer was that the relief sought by the plaintiff should be denied and she should be granted a divorce, be awarded the custody of the minor children; that the court should set aside to her such property as might be proper and an allowance should be made for the support of the minor children.

The court found the defendant was entitled to a divorce from plaintiff on the grounds of extreme cruelty; that until further order of the court defendant should have the care and control of the minor children, subject to the right of visitation by plaintiff at reasonable times, and further subject to the right of plaintiff to have the custody of them for a period of sixty days during June and July of each year; that the defendant should have the right of visitation during that period; that the plaintiff should pay fifty dollars a month for the support of each child, such payments to be made until the children should become of legal age. Certain property was set aside to her and plaintiff was ordered to pay defendant $6,000 as alimony to be paid by plaintiff in monthly installments of $100 a month until paid in full.

From that portion of the judgment awarding defendant custody of the children plaintiff appeals.

His specifications of error are that the court erred in awarding the custody of the minor children to the defendant and in overruling his motion for a new trial.

The plaintiff states the questions involved to be as follows: "What should be done when a parent receiving psychiatric treatment for a condition material to determination of her fitness seeks custody but frustrates inquiry by exercising a privilege given her by the law?" and "Was it error to exclude the testimony of Ashley as to the diagnosis?"

The testimony on both sides appears to be the recital of the bickerings that arise sometimes between husband and wife, a story with which this court is too familiar. Ordinarily these are fact cases and when the trial court has heard the testimony of the witnesses and observed the parties as they testified, its judgment will not be disturbed on appeal where there is substantial evidence to sustain the findings. What should be done as to the custody of the minor children must in the first instance be decided by the trial court, and the welfare of the children is always the paramount issue. The distinguishing characteristic of this record is that after plaintiff husband, himself, had testified as to the misconduct of his wife he then offered by deposition the testimony of a psychiatrist. When it was offered in court, counsel agreed that the fact it had not been on file the day before would not be made the basis of objection. Counsel for defendant, however, referred to an objection he had made at the time the deposition was taken. That objection was as follows:

"We want the record to show that A. E. Kramer, of the firm of Kramer and Nordling, is appearing at the taking of these depositions on behalf of Irene Jackson, the defendant. Our appearance is by reason of a notice served, and we object to the taking of the deposition of Dr. Ashley for the reason that the information he has was obtained on a confidential basis, the relation being that of patient and physician, and no consent has been given to the giving of this testimony. We also want to reserve full right to object to those depositions if present in court, based on their incompetency or immateriality, or for any other legal reason."

The doctor answered qualifying questions and testified he had met plaintiff and defendant first on April 21, 1947; that he was consulted by them jointly and that he accepted Mrs. Jackson as a patient and not Mr. Jackson because she was the one he thought needed treatment. He was then asked whether he had made a diagnosis of Mrs. Jackson, to which he answered in the affirmative. Then he was asked what was the diagnosis and to this question he answered "She is a psychopath." Counsel for the defendant objected to this question and answer when it was being read in court. The court sustained the objection, whereupon counsel for the plaintiff pointed out that the doctor had answered the question before objection had been made. After some colloquy the final ruling was that the objection would be sustained and the answer stricken.

The doctor was then permitted to testify as to the meaning of the word "psychopath" as used by psychiatrists. This testimony

tended in the main to sustain plaintiff's position that since the defendant was a psychopath she was not a fit person to have the custody of the three children.

The argument of the plaintiff on the first question runs something like this—The welfare of the child is the paramount issue. The defendant had a legal right to prevent inquiry from her doctor as to what he discovered while treating her. Under such circumstances he argues this court should say "we cannot take the privilege away from you but we cannot give you custody until it is waived and the situation thoroughly explored."

He argues that to do otherwise on the part of the court was in and of itself an abuse of discretion. This would in effect be creating an exception to our statute granting the privilege as to testimony of doctors. G. S. 1949, 60-2805, provides in part:

"The following persons shall be incompetent to testify: . . . *Sixth.* A physician or surgeon concerning any communication made to him by his patient with reference to any physical or supposed physical disease, defect, or injury . . . ."

Plaintiff has cited us no authority that this privilege does not extend to an examination by a psychiatrist and we find none. Since this argument turns upon a question of abuse of discretion, it is pertinent to remark that after the psychiatrist had finished testifying and the plaintiff had completed the presentation of his evidence, defendant took the stand and testified as to her fitness. Also, several people who testified, were her neighbors at the town where she has been living with the children since the separation, which occurred on December 26, 1951, approximately a year before this trial occurred. All the evidence of these witnesses was to the effect that she was giving the children a good home; they were doing well in school; and attending Sunday school. In short, there was ample evidence to sustain the court's conclusion that the welfare of the children would be secured by living with their mother. It should further be pointed out, this testimony as to the psychiatrist, Dr. Ashley, was offered as to an examination he conducted in 1947, approximately four years before the trial, at a time when defendant was pregnant with her second child, which was born nineteen months after the birth of the first child. All these considerations, no doubt, weighed in the judgment of the trial court in reaching the conclusion it did reach as to the welfare of these children and the fitness of defendant.

Plaintiff next argues, the court erred in sustaining the objection of the defendant to the testimony of the psychiatrist as to the diagnosis he made of Mrs. Jackson. The basis of that argument seems to be that the objection was not timely made. We have heretofore pointed out it was made at the time the deposition was taken and renewed when it was offered in court. The court heard counsel as to its admissibility, sustained the objection and struck out the answer. Counsel argues that the objection was too late because not made before trial in conformance with G. S. 1949, 60-2847. There are two reasons why this argument is not good. That section provides:

"No exception other than for incompetency or irrelevancy shall be regarded, unless made and filed before the commencement of the trial."

The objection was made before the commencement of the trial, that is, at the time the deposition was taken. Furthermore, the section provides an objection for incompetency or irrelevancy be made at the time of the trial and this objection was for incompetency.

The judgment of the trial court is affirmed.